IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SHAWN C. OGDEN,

        Plaintiff,

      v.

ONTARIO OREGON CITY POLICE
DEPT; ROAD RUNNER TOWING;
DALLAS BROCKETT; and
STEVEN ROMERO,

        Defendants.

Case No. 2:20-cv-02262-YY

ORDER TO DISMISS

IMMERGUT, J.

Plaintiff, an adult in custody at the Malheur County Jail, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pursuant to an Order entered this date, the Court granted plaintiff's Application to Proceed *In Forma Pauperis*. However, for the reasons set forth below, the Court dismisses plaintiff's Complaint.

1 - ORDER TO DISMISS

## BACKGROUND

Plaintiff alleges that defendants violated his Fourteenth Amendment substantive due process rights, as well as his rights under 42 U.S.C. §§ 1985, 1986, and 12132, by towing his vehicle without providing a 72-hour notice. By way of remedy, plaintiff seeks money damages.

## STANDARDS

A district court must dismiss an action initiated by a prisoner seeking redress from a governmental entity or officer or employee, if the Court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2) & 1915A(b). When a plaintiff is proceeding *pro se*, the court must construe the pleadings liberally and afford the plaintiff the benefit of any doubt. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Moreover, before dismissing a *pro se* civil rights complaint for failure to state a claim, the court supplies the plaintiff with a statement of the complaint's deficiencies. *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623-24 (9th Cir. 1988); *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987). A *pro se* litigant will be given leave to amend his or her complaint unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *Karim-Panahi*, 839 F.2d at 623; *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

## DISCUSSION

To state a claim under 42 U.S.C. § 1983, a complaint must allege that a defendant, while acting under color of state law, caused a deprivation of the plaintiff's federal rights. 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (citation omitted). A § 1983 plaintiff must establish both causation-in-fact and

proximate (*i.e.*, legal) causation. *See Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008). Allegations regarding Section 1983 causation "must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (citations omitted). "Sweeping conclusory allegations [regarding causation] will not suffice[.]" *Id*. (citation omitted).

To the extent plaintiff alleges the impoundment of his vehicle violated his substantive due process rights under the Fourteenth Amendment, the Complaint fails to state a claim upon which relief may be granted. The substantive protections of the due process clause bar certain governmental actions regardless of the fairness of the procedures that are used to implement them. *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 840 (1998). Therefore, the substantive protections of the due process clause are intended to prevent government officials from abusing their power or employing it as an instrument of oppression. *Lewis*, 523 U.S. at 846. The Supreme Court has held that "the substantive component of the Due Process Clause is violated by executive action only when it 'can properly be characterized as arbitrary, or conscience shocking, in a constitutional sense.'" *Id*. at 847. "[O]nly the most egregious official conduct can be said to be arbitrary in a constitutional sense." *Brittain v. Hansen*, 451 F.3d 982, 990 (9th Cir. 2006) (quoting *Lewis*, 523 U.S. at 846).

"Substantive due process is ordinarily reserved for those rights that are 'fundamental.'" *Brittain*, 451 F.3d at 990. "The protections of substantive due process have for the most part been accorded to matters relating to marriage, family, procreation, and the right to bodily integrity[;] and the Supreme Court has been reluctant to expand the concept of substantive due process." *Albright v. Oliver*, 510 U.S. 266, 271-72 (1994). To state a substantive due process claim, a plaintiff must "show both a deprivation of [his] liberty and conscience shocking behavior by the government."

*Brittain*, 451 F.3d at 991. However, "where a particular amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing a plaintiff's claims." *Patel v. Penman*, 103 F.3d 868, 874 (9th Cir. 1996) (citations, internal quotations, and brackets omitted) *overruled on other grounds by Unitherm Food Systems, Inc. v. Swift-Eckrick, Inc.*, 546 U.S. 394 (2006); *Lewis*, 523 U.S. at 842. Here, plaintiff's allegations implicate the Fourth Amendment right to be free from unlawful search and seizure, and plaintiff may not purse a substantive due process claim. *Buford v. Mounts*, Case No. CVF026187OWW DLB P, 2006 WL 657035, at *4 (E.D. Cal. March 13, 2006).

Although plaintiff does not specifically invoke his Fourth Amendment rights, "[t]he impoundment of an automobile is a seizure within the meaning of the Fourth Amendment." *Ramirez v. Buena Park*, 560 F.3d 1012, 1024 (9th Cir. 2009) (quoting *Miranda v. City of Cornelius*, 429 F.3d 858, 862 (9th Cir. 2005)). A seizure conducted without a warrant is *per se* unreasonable under the Fourth Amendment subject only to a few specifically established exceptions. *Ramirez,* 560 F.3d at 1025. In such a situation, the question is not whether the seizure was authorized by state law but rather, whether the seizure was reasonable under the Fourth Amendment. *Id.* (citing *Sibron v. New York*, 392 U.S. 40, 61 (1968)).

For example, the Ninth Circuit has determined that the "community caretaking" doctrine, which allows police officers to impound vehicles that "jeopardize public safety and the efficient movement of vehicular traffic" or that may be a target for vandalism or theft, is a relevant exception to the seizure rule. *See Ramirez*, 560 F.3d at 1025 (citing *South Dakota v. Opperman*, 428 U.S. 364, 368-69 (1976)); *see also Miranda*, 429 F.3d at 864. Impoundment may be proper under the

community caretaking doctrine if the driver's violation of a vehicle regulation prevents the driver from lawfully operating the vehicle, and it is also necessary to remove the vehicle from an exposed or public location. *Miranda*, 429 F.3d at 865. Indeed, "[t]he authority of police to seize and remove from the streets vehicles impeding traffic or threatening public safety and convenience is beyond challenge." *Opperman*, 428 U.S. at 369.

For the impoundment of his vehicle to be actionable under the Fourth Amendment, plaintiff must show that no community caretaking exception existed at the time the vehicle was impounded. Moreover, whether defendant Road Runner Towing was acting under color of state law when it towed the vehicle also needs to be determined. Accordingly, plaintiff's Complaint does not state a claim upon which relief may be granted for violation of his rights under the Fourth Amendment.

Plaintiff's Complaint also does not state a claim upon which relief may be granted under 42 U.S.C. §§ 1985, 1986 and 12132. The pertinent parts of § 1985, subsections (2) and (3) require allegations of a racial or class-based discriminatory animus behind conspirators' actions. *See Burns v. County of King*, 883 F.2d 819, 821 (9th Cir. 1989); *see also A & A Concrete, Inc. v. White Mountain Apache Tribe*, 676 F.2d 1330, 1333 (9th Cir. 1982). The rights protected by § 1986 are those that are safeguarded by § 1985. Hence, a violation of § 1986 depends upon a predicate violation of § 1985. *Loehr v. Ventura County Community College Dist.*, 743 F.2d 1310, 1320 (9th Cir. 1984); *Mollnow v. Carlton*, 716 F.2d 627, 632 (9th Cir. 1983). Plaintiff does not allege facts establishing a claim of racial or class-based discriminatory animus. Finally, plaintiff does not allege facts establishing a claim under Title II of the Americans With Disabilities Act, 42 U.S.C. § 12132. *See McGary v. City of Portland*, 386 F.3d 1259, 1265 (9th Cir. 2004) (in order to state a claim that a public program or service violated Title II of the ADA, a plaintiff must show: (1) he is a "qualified

5 - ORDER TO DISMISS

individual with a disability;" (2) he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability).

## CONCLUSION

Based on the foregoing, the Court DISMISSES plaintiff's Complaint. Plaintiff may file an Amended Complaint, curing the deficiencies noted above, within 30 days of the date of this order. Plaintiff is advised that his amended complaint must specifically include (1) the names of the persons who caused or personally participated in causing the alleged deprivation of his constitutional rights, (2) the dates on which the conduct allegedly took place, and (3) the specific conduct Plaintiff alleges is unconstitutional. Plaintiff is advised that the amended complaint will operate as a complete substitute for the present complaint, not as a supplement. Plaintiff is cautioned that failure to file an amended complaint shall result in the dismissal of this proceeding.

IT IS SO ORDERED.

DATED this  12  day of February, 2021.

_____
Karin J. Immergut
United States District Judge